IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 16 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00786-BNB

JESSE BASSINGER,
    Plaintiff,

v.

RON WILEY, Warden Federal Prison Camp Florence, Colorado,
    Defendant.

---

## ORDER OF DISMISSAL

---

Plaintiff Jesse Bassinger is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Prison Camp in Florence, Colorado. Mr. Bassinger initiated this action by filing *pro se* a "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action" and a "Petition for Contempt and Motion for Order to Show Cause." In an order filed on April 17, 2008, Magistrate Judge Boyd N. Boland directed the clerk of the court to commence a civil action and directed Mr. Bassinger to cure certain deficiencies if he wished to pursue his claims. Magistrate Judge Boland specifically ordered Mr. Bassinger to submit a certified copy of his inmate trust fund account statement in support of his *in forma pauperis* motion and to file his pleading on the proper form. Mr. Bassinger was provided with the proper form for an application for a writ habeas corpus pursuant to 28 U.S.C. § 2241 because it appeared that he was raising habeas corpus claims and because he had filed a motion seeking leave to proceed *in forma pauperis* in a habeas corpus action.

On April 30, 2008, Mr. Bassinger submitted a certified copy of his inmate trust fund account statement, an amended pleading on the Court's habeas corpus application form, although he retitled the amended pleading "Petition for Contempt and Motion for Order to Show Cause," and two other documents. Mr. Bassinger insists in the documents filed on April 30 that he is not asserting any habeas corpus claims pursuant to 28 U.S.C. § 2241 in this action and that he is not seeking habeas corpus relief from the Court. Therefore, on May 5, 2008, Magistrate Judge Boland entered a second order directing Mr. Bassinger to cure the deficiencies in this action because the amended pleading still was deficient. Magistrate Judge Boland directed Mr. Bassinger to file a Prisoner Complaint and to clarify in that pleading the jurisdictional basis for this action. On May 14, 2008, Mr. Bassinger filed a Prisoner Complaint asserting jurisdiction pursuant to 18 U.S.C. § 401(3), which provides that "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . (3) [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."

Mr. Bassinger has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the Prisoner Complaint at any time if the claims asserted are legally frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Prisoner Complaint as legally frivolous.

2

The Court must construe the Prisoner Complaint liberally because Mr. Bassinger is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id*.

Mr. Bassinger complains that Defendant refuses to abide by a lawful court order entered in *Wedelstedt v. Wiley*, No. 06-cv-01337-WYD (D. Colo. Aug. 28, 2006), *aff'd*, 477 F.3d 1160 (10th Cir. 2007). He styles the instant action as a petition for contempt and he asks the Court to order Defendant to show cause why Defendant should not be held in contempt for refusing to abide by Judge Daniel's order in *Wedelstedt*. Mr. Bassinger also asks that, if Defendant fails to demonstrate good cause for his failure to abide by Judge Daniel's order in *Wedelstedt*, the Court impose sanctions designed to ensure that Defendant abides by Judge Daniel's order in the future.

*Wedelstedt* was a habeas corpus action pursuant to 28 U.S.C. § 2241. The petitioner in *Wedelstedt* challenged BOP regulations that prevented him from being placed in a community corrections facility prior to the last ten percent of his sentence. Judge Daniel ultimately determined that the regulations were invalid and granted habeas corpus relief. More specifically, Judge Daniel ordered that the petitioner in that case be considered for placement in a community corrections facility without regard to

3

the invalid regulations. Judge Daniel's order was affirmed on appeal. *See Wedelstedt*, 477 F.3d at 1169.

Mr. Bassinger contends in this action that he has asked to be considered for placement in a community corrections facility. He further alleges that "Defendant, by and through the staff at F.P.C. Florence have persisted in denying Plaintiff the review this Court ordered Defendant to conduct in WEDELSTEDT on August 24, 2006." (Prisoner Compl. at 4.)

Mr. Bassinger's attempt to seek contempt sanctions against Defendant in this action is legally frivolous. "[A] contempt order . . . is characterized as either civil or criminal depending upon its primary purpose." *Law v. National Collegiate Athletic Assoc.*, 134 F.3d 1025, 1030 (10th Cir. 1998). "[A] contempt sanction is considered civil if it 'is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court.'" *United Mine Workers v. Bagwell*, 512 U.S. 821, 827 (1994) (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441 (1911)).

Based on the relief he seeks, it appears that Mr. Bassinger is seeking an order of civil contempt against Defendant. However, Mr. Bassinger's efforts to obtain a civil contempt order against Defendant cannot overcome the simple fact that Mr. Bassinger was not a party to *Wedelstedt*. "[Civil contempt consists of contumacious conduct which results in detriment to another party in a civil proceeding." *Parkhurst v. U.S. Dept. of Education*, 9 F. App'x 900, 905 (10th Cir. 2001). Furthermore, even if Mr. Bassinger had standing to seek enforcement of Judge Daniel's order in *Wedelstedt*,

Mr. Bassinger does not allege any noncompliance with the actual order entered by Judge Daniel in *Wedelstedt*. As noted above, Judge Daniel ordered only that the petitioner in *Wedelstedt* be considered for placement in a community corrections facility without regard to the invalid regulations. Because Mr. Bassinger was not the petitioner in *Wedelstedt*, his claims in this action are legally frivolous and must be dismissed. Accordingly, it is

ORDERED that Prisoner Complaint filed on May 14, 2008, and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this _12_ day of _____ June _____, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00786-BNB

Jesse Bassinger
Reg. No. 07874-046
Federal Prison Camp
PO Box 5000
Florence, CO 81226-5000

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on ___6|16|8___

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk